IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| LACEY REECE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN COLVIN, Acting | * | No. 3:14CV00256-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM AND ORDER

Ms. Reece has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Plaintiff seeks these benefits due to a combination of impairments including back problems, osteoarthritis and a lung infection. (Tr. 44.) The matter was previously remanded and, after a new hearing, the Administrative Law Judge (ALJ) concluded that Ms. Reece did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 289.) The ALJ then concluded that, despite her impairments, Plaintiff was capable of performing a reduced range of light work. (Tr. 290-95.) Ms. Reece had past relevant work so, with the aid of a vocational expert, the ALJ determined jobs existed in significant numbers that Plaintiff could perform such as cleaner and small product assembler. (Tr. 296.) Accordingly, he concluded Ms. Reece was not disabled. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 282-84.)

On May 6, 2015, the Court heard oral argument at the request of Plaintiff. Plaintiff was represented by Greg Wallace, Esq., and the Commissioner was represented by Special Assistant United States Attorney Eric Tucker. Counsel are commended for their diligence in representing their

respective clients in this matter.

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff argues the ALJ erred in rejecting the opinion of James Robinette, M.D. (Pl.'s Br. 15-18.) Specifically at issue is the Medical Source Statement provided by Dr. Robinette. (Tr. 425.) Dr. Robinette's assessment is fairly consistent with the ALJ's residual functional capacity assessment, save the finding that Ms. Reese is incapable of performing work on a regular basis. Nevertheless, the ALJ outrightly rejected Dr. Robinette's statement. (Tr. 293.)

Plaintiff, in both her brief and at oral argument, makes compelling arguments to call into question the ALJ's rationale for rejecting her treating doctor's conclusions. And I find this to be a

very close call on this point given the importance of a treating doctor's opinion.  However, on balance, I find that the ALJ's conclusion is supported by substantial evidence.

Dr. Robinette concluded Plaintiff could lift and carry up to twenty pounds on a frequent basis.  He found she could stand and walk four hours and had no limitation on sitting.  These abilities are consistent with the exertional demands of light work.[1]  Without any explanation, however, Dr. Robinette stated Plaintiff did not have the stamina to complete a full work day, workweek, and maintain an ordinary work routine. (Tr. 425.)  He also stated Plaintiff was incapable of maintaining a full-time work schedule. *Id.*  Although a treating physician deserves great deference, the ALJ was justified in concluding Dr. Robinette's treatment records failed to support such a conclusion.  (Tr. 293.)  As the Commissioner pointed at argument, Ms. Reece's two most recent appointments to see Dr. Robinette - October 2012 and May 2013 - were for issues unrelated to her disability. (Tr. 414, 423.)  And while Plaintiff makes a good point about the general nature of chronic care, her sporadic treatment from Dr. Robinette was a legitimate factor for the ALJ to use to discount his opinion.

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal

---

[1] (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567

error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE